NO. 05-1656

_____

**IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

_____

DAVID L. MONTGOMERY, *Appellant*

vs.

TOM POPE AND POPE MONTGOMERY, ARCHITECTS & BUILDERS LLC, *Appellees*

On Appeal from the United States Bankruptcy Court
For the Southern District of Texas
Houston Division
The Honorable Marvin Isgur, Presiding Judge
Adversary Proceeding Case Number 04-3866

**MEMORANDUM AND ORDER**

I.      INTRODUCTION

Appellant David L. Montgomery appeals a summary judgment entered in favor of

Appellees Tom Pope and Pope Montgomery Architects & Builders, L.L.C.  The effect of

the summary judgment was to hold non-dischargeable certain debts owed to Appellees by

Appellant. The summary judgment was, in turn, based upon a default judgment that

Appellees had previously obtained against Appellant, pursuant to which the Bankruptcy

Court had held the debts in question to be non-dischargeable.

-1-

II.      APPELLANT'S CONTENTIONS

Appellant makes three arguments for reversal.   First, Appellant argues that, because he had effectively converted from Chapter 7 to Chapter 13 at the time that the default judgment was entered, the operation of 11 U.S.C. § 349 renders the default judgment not preclusive.   Second, Appellant contends that the usual principles of *res judicata* should not apply, because he never had his day in court on the matters purportedly resolved by the default judgment.   Third, Appellant argues that justice and, particularly the principle that debtors in bankruptcy are entitled to a fresh start, will be best served by vacating the default judgment.

III.     DISCUSSION

Appellant did not contest Appellee's Motion for Default Judgment.   Nor did he appeal the judgment once it was entered.   Accordingly, this Court is without authority now to vacate that judgment.   *See Morris v. Jones*, 329 U.S. 545, 550-51 (1947).   From this necessary starting point, it is clear that Appellant's arguments for reversal are unavailing.   As to his first argument, nothing in § 349 of the Bankruptcy Code serves to vacate a judgment when a debtor converts from one chapter to another.   Indeed, bankruptcy jurisprudence would be extremely capricious if every judgment were vulnerable to vacatur upon a conversion.

Appellant's second argument is simply incorrect.   *Res judicata* depends not on whether a party actually avails himself of an opportunity to litigate but on the much more basic issue of whether the party had such an opportunity.   *See In re Ramirez*, 283 B.R. 156, 161 (Bankr. S.D.N.Y. 2002).   Appellant had such an opportunity and chose not to avail himself of it.

As to Appellant's final argument, that justice will be served by vacating the default judgment, this Court returns to the stubborn fact that it lacks the power to do so, even it if wished.  In this instance, moreover, justice is best served by adhering to the principle of finality.

The Bankruptcy Court's judgment is AFFIRMED.

SIGNED this 10th day of January, 2006.


_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE